**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEL REAL, LLC, a California limited liability company,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>KAMALA D. HARRIS, Attorney General, in her official capacity as California Attorney General,<br><br>Defendant - Appellant. | No. 13-16893<br><br>D.C. No. 1:12-cv-01669-LJO-GSA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted February 8, 2016
San Francisco, California

Before: HAWKINS and MURGUIA, Circuit Judges, and BREYER,[**] Senior District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Charles R. Breyer, Senior District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

California Attorney General Kamala Harris appeals the permanent injunction barring enforcement of California's statutory prohibition against nonfunctional slack fill (i.e., empty space between a product and its packaging that serves none of a list of specified purposes) against Plaintiff Del Real, LLC, a producer of Mexican heat-and-serve meat and poultry products. We agree with the district court that, as applied to meat and poultry products, California's nonfunctional slack fill provisions, Cal. Bus. & Prof. Code §§ 12606(b), 12606.2(c), are expressly preempted by the Federal Meat Inspection Act ("FMIA") and the Poultry Products Inspection Act ("PPIA") because they are "in addition to, or different than," 21 U.S.C. §§ 467e, 678, the federal statutes' general prohibitions against containers "filled as to be misleading," *id.* §§ 453(h)(4), 458(a)(1)-(2), 601(n)(4), 610(c)-(d).

Even if, as Harris argues, the California provisions prohibit only a subset of conduct already prohibited by the FMIA or PPIA, allowing those provisions to be applied to meat and poultry products is impermissible for two reasons. First, we have previously interpreted the legislative history of the FMIA and PPIA as "clearly show[ing] the intent of Congress to create a uniform national labeling standard." *Rath Packing Co. v. Becker*, 530 F.2d 1295, 1313 (9th Cir. 1975); *see also Nat'l Broiler Council v. Voss*, 44 F.3d 740, 744 (9th Cir. 1994). That same concern about uniformity applies to the packaging standards in this case and counsels against

allowing the states to develop variant standards. Second, by giving the Secretary of Agriculture the option to promulgate container fill standards, but not mandating such regulations, 21 U.S.C. §§ 457(b)(2), 607(c)(2), Congress intended to allow meat and poultry packaging to be subject to less specific regulation than other types of product packaging. When the FMIA and PPIA's express preemption clauses are read in light of Congress's concern for uniformity and a lesser level of regulation, it is unlikely that Congress intended for the states to be allowed to develop and apply a more specific standard for slack fill when the Secretary has not yet done so.

Nothing in this disposition should be read to prevent California from exercising its concurrent authority under both the FMIA and PPIA to address misleading packaging of meat and poultry products.

**AFFIRMED.**